## MASON *vs.* JONES and others.

Where this court pronounces a judgment of affirmance in open court, there being no public expression of dissent on the part of any of its members, a re-argument will not be granted upon an allegation that the judges in their consultations out of court were equally divided in opinion. In such a case it is not competent to inquire what opinions were expressed in the conference chamber.

The fourteenth section of the code of 1849, declaring that where five judges do not concur, the judgment or order appealed from shall be affirmed, is not liable, it seems, to any constitutional objection.

And this court, in accordance with the former practice of the court of errors, may order judgment of affirmance where there is an equal division of opinion among the judges.

*J. J. Ring,* for Mason, the appellant, moved to vacate the judgment of affirmance in this cause, which was rendered in May term, 1849.

*D. Lord,* for the respondents, opposed the motion.

The ground of the motion is sufficiently stated in the opinion of the court, which was delivered by

BRONSON, Ch. J.   The appellant moves to vacate the judgment of affirmance which was rendered in May, 1849, and have the cause re-heard ; and the motion rests on the allegation that the judges in their consultations out of court were equally divided in opinion—four being for the affirmance, and four for the reversal of the decree.   And in such a state of things, it is said, that no judgment could properly be rendered.   The judgment was pronounced by a full court of eight judges, without any dissent at the time, and I am of opinion that neither party can go behind the public act of the court, and attack the judgment on the ground of what may have taken place among the judges in their private consultations.   Whatever diversity of opinion there may have been among them in the conference room, about either the law or the facts of the case, they all tacitly agreed that the judgment which was pronounced by the chief justice was

the proper judgment to be rendered. If in truth there was an equal division of opinion among the judges in the conference room, and if a judgment of affirmance should not have been rendered in such a case, still the court thought otherwise, and ordered such a judgment; and as there was no defect of jurisdiction, the error in point of law could not affect the validity of the judgment. When a court has jurisdiction, its judgment is never void because it is erroneous in point of law.

We are referred to cases where courts have looked beyond the statute book, and inquired whether a supposed law had received the number of votes required by the constitution to give it validity. (*The People* v. *Purdy,* 2 *Hill,* 31; 4 *id.* 384, *S. C.*) But in that case the inquiry was concerning the public act of the members of the legislature in passing the law; and not about their private opinions, or what they may have thought or said on the subject, when they were not acting in their legislative capacity. Here, it is not denied that all of the judges concurred in the public act of ordering a judgment of affirmance; and there is no precedent for going behind the public act, and inquiring about the thoughts, declarations or opinions of the judges at another time.

It must not be inferred from what has been said, that I entertain a serious doubt about the right of the court to order a judgment of affirmance where there is an equal division of opinion among the judges. Whatever the rule may be in England, the court of errors in this state repeatedly rendered judgment of affirmance in such cases; and that course was expressly authorized by the legislature at the time this judgment was rendered. (*Code of '49,* § 14.) However inexpedient it may have been to alter the rule as it had been established by the code of '48, (§ 14,) I see no ground for saying that the act of '49 was unconstitutional. It did no more than restore the common law as it had been previously understood and acted on in this state. It was not a rule touching rights of property; but only a regulation of the course of judicial proceedings. We can not say that it was a law made for this particular case, which was then under advisement. The statute is general in its terms,

Mason *v.* Jones.

applying alike to all cases under the like circumstances; and we can not inquire into the motive of the legislature in passing it, nor the influences which may have been exerted to procure the enactment.

We are all of opinion that the motion should be denied.

Motion denied.(*a*)

(*a*) See *Oakley* v. *Aspinwall, post.*