## ORVILLE W. RANNEY AND WILLIAM F. GERE, Appellants,

*vs.*

## LEWIS J. HIGBY, Appelee.

APPEAL FROM THE MILWAUKEE CIRCUIT COURT.

This cause having been before this court twice before, and the facts fully reported in 4 Wis. R., 154, and also again in 5 Wis. R., 62, a repetition of the pleadings, and testimony will not be here given, but reference is made to the former reports for the history of the case. Upon a new trial in the Circuit court, and after the introduction of substantially the same proof as upon the two former trials, the plaintiff's counsel asked the court to instruct the jury on the first four points precisely as moved on the former trial and reported 5 Wis. R., 68, and also the additional points, to-wit: which were refused.

5. If the $1,500 draft did not pay the full amount due to the plaintiffs, they are entitled to apply it in payment of any of the salt bought of them by the defendant; and it is evidence of the application to the payment of the other salt, that the plaintiffs have brought this suit.

6. On the pleadings in this suit it is immaterial whether the salt was ever insured.

7. The plaintiffs are entitled to recover upon the evidence.

*Smith and Salomon* for Appellants.

*Brown and Ogden* for Appellee.

*By the Court*, Cole J. This case has been twice before this court, and our views upon it have been fully expressed in two opinions already given, 4 Wis. 154; 5 id., 62. No facts were elicited at the last trial which were new and material to

the issue, and we therefore see nothing in the present attitude of the case to alter or in the least change these views. The case presents to our minds no difficulty, and we are very clear as to what are the rights and liabilities of the parties. Upon the whole evidence as presented to the court below and jury, we are of the opinion that the appellants were entitled to have the instructions which they asked, given to the jury without any essential limitation or qualification. Those instructions were substantially in conformity to the previous decisions of this court, and should have been regarded as containing the law applicable to this case as the court understands it.

It certainly is unnecessary in our judgment to enter upon a further discussion of the questions involved in this case, and we do not propose doing so. But it may be well to make one remark in explanation of what was said in the second opinion in reference to the draft for the insurance money, and the right of Higby to have that draft produced on the trial, and delivered up to him. We were under the impression that this draft was one given by the insurance agent on the home office, at Utica, payable, as we supposed, to Higby or order, and that this draft , coming into the hands of the appellants, had been indorsed by them as negotiable paper, in the usual course of trade. The former case was somewhat obscure upon this point, and we consequently fell into a mistake as to the real character of this transaction. So the observations made upon that point were not strictly applicable to the facts and circumstances of this case as they now appear before us. It seems this draft was drawn by the appellants upon the insurance company, and included not only the insurance upon the salt of Higby which was lost, but also the insurance upon some salt belonging to McKay, which was likewise lost. It appears that the appellants counsel tendered the draft and the certificate to the counsel of Higby, subject to the interest of McKay therein, and that it was refused. We think this was all the appellants were required to do.

The judgment of the Circuit court is reversed and a new trial ordered.