June Term,
1860.

EASTMAN VS. HARTEAU.

EASTMAN
v.
HARTEAU.

12   267
f103 242

The decision in *Harteau vs. Eastman*, 6 Wis., 410, adhered to without re-exami-
nation of its grounds, a motion for a rehearing in that case having been
argued and overruled, and the question involved having arisen under an old
statute no longer in force.

The provision of the statute in force in 1838, requiring the judge to sign the
record at the end of each day's proceedings, was directory, and such record
is admissible in evidence, and a judgment entered therein valid, though not
so signed by the judge.

APPEAL from the Circuit Court for *Brown* County.

This suit was commenced on the 4th of June, 1856, to re-
cover the possession of lot No. 28, in the north ward of the
city of Green Bay. The declaration was in the ordinary
form in use before the enactment of the code. Plea, the
general issue. The cause was once before in this court, and
is reported in 6 Wis., 410, and came on again for trial, at the
October term, 1858, in the Brown circuit court, when, by stip-
ulation between the parties, the following facts were admit-
ted. First. That on the 30th day of May, 1838, the real es-
tate described in the plaintiff's declaration was owned and pos-
sessed by Joseph Dickinson. Second. That the said Joseph
Dickinson died on the 7th day of June, 1838, never having
sold or conveyed the said real estate. Third. That the said
Joseph Dickinson, at his decease, left a widow, Mrs. Emily
Dickinson, and two children, Jane and Emily; that the said
widow and children resided upon the property in question
at the time of the said Joseph Dickinson's death, and con-
tinued to reside there for less than a year thereafter; that
Jane died in the fall of 1838, and that Emily, one of said
children, was married to Lieutenant Benjamin Forsyth, in
the year 1852; that she, the said Emily Forsyth, died in
July, 1854, without issue, and that the said Benjamin For-
syth, who was the husband of said Emily, is living and now
resides at Chicago, in the state of Illinois. Fourth. That
the defendant, *Louis Harteau*, at the time of the commence-
ment of this action, was in possession of so much of said
real estate as is described in the verdict of the jury on the

former trial of this cause, and held the same by virtue of a lease dated September 1st, 1847, as the lessee of Daniel Whitney, whose title to the said premises is relied upon by the defendant, and disputed by the plaintiff.

The plaintiff, to maintain the issue on his part, beyond the matters in the foregoing stipulation contained, produced Jonathan Wheelock as a witness, who testified in substance as follows : "I am the father of Emily Dickinson, wife of Joseph Dickinson. After the death of Dickinson, she married William Root. Dickinson, at his death, left two children, Emily, aged between three and four years, and Jane, about one year old. I was administrator on Dickinson's estate; was appointed June 21st, 1838. At the time of my appointment I resided in Green Bay; I lived at Green Bay until the summer of 1847. Since that time I have lived at Lawrence, about five miles from Green Bay. I knew Barlow Shackleford; he was an attorney. No other attorney by that name practiced here to my knowledge. From 1838 to 1841, I was in the habit of seeing Shackleford frequently; I knew him personally. I have known Daniel Whitney about forty years; Whitney was here when I came here, in 1833, and has lived here ever since. I continued to act as administrator until 1851, or 1852, I think."

The plaintiff thereupon offered to prove by said witness that no *scire facias,* or any other process or proceedings in the case of *Comstock & Andrews vs. Joseph Dickinson,* was ever served upon him, which evidence was objected to by the defendant as immaterial, and the court sustained the objection, and plaintiff's counsel excepted.

The plaintiff then gave in evidence a deed of conveyance of the premises in controversy, from William Root and wife to the plaintiff, for the consideration of $1,200, dated May 27th, 1856, and recorded on the same day. Here the plaintiff rested.

The defendant offered, in evidence, a book which was admitted by the counsel for the plaintiff to have been found in the office of the clerk of said circuit court, and purporting to be a record of judgments in the district court of the United States, for Brown County, in which was the following entry:

"Territory of Wisconsin, county of Brown, ss. Be it remembered, at the May term of the Dis. court of the U. St's for the County of Brown, sitting as a circuit of the U. St's, began and held at Depere, the seat of justice of said county, on Monday, the 28th day of May, A. D., 1838, before the Hon. W. C. FRASER, judge of said court. It is presented by B. Shackleford, attorney for D. A. Comstock and Robert W. Andrews:—David A. Comstock, and Robert W. Andrews vs. J. Dickinson—*In assumpsit, on note of hand.* '$317,18: New York, August 6th, 1833. Six months after date, I promise to pay to the order of Mr. Townsand & Harris, three hundred and seven 18–100 dollars. Jos. DICKINSON.'

Indorsement :—' Pay order of Comstock & Andrews, TOWNSAND & HARRIS. Pay order B. Shackleford, Esq., COMSTOCK & ANDREWS.' And afterwards at the said term to-wit: Wednesday, the 30th May, A. D. 1838, comes the said pl'fs by their attorney, B. Shackleford, and also comes the s'd def't in his proper person, J. Dickinson, in said court, and says, that he cannot deny but that the said pl'f, D. A. Comstock and R. Andrews, has sustained damages in the premises, to the am't of three hundred and ninety-three dollars and eighteen cents ($393,18). Therefore, it is considered by this court, that the said pl'f D. A. C. and R. A. do recover of the said def't, J. D., the said damages in the premises as above confessed, am't to three hundred and ninety-three dollars and 18 cents; also, the cost and charges of this court, am't to three dollars and thirty-one cents and 1–4 cts., together with the damages, in all am't to the sum of $396,49, 1–2. Three hundred and ninety-six dollars and forty-nine and a half cents :

| | | | | |
|---|---|---|---|---|
| 18¾ cents for | docket the case of D. A. C. & R. Andrews vs. J. Dickinson. | | 12½ cents for Pl'ff's app. | |
| 6¼ cents for | filing 1 paper. | | | |
| 12½ " | " | Def'ts app. | 3,31¼ | |
| 10 " | " | Ent. Judg. | 6½ fif. | |
| 37½ " | " | Cost. tax. | 12¼ satisf. | |
| 12¼ " | " | Sig. record. | 25 entries. | |
| 18¾ " | " | Motion. | 18¾ rules. | |
| 37½ " | " | ass. damages. | | |
| 12¼ " | " | ent. on calender. | 3,93½ | |
| 1,12½ " | " | record. | 62, execution issued 15 June, 1839." | |

The defendant objected to the admission of this evidence, First. Because there was no proof that the same was a judgment record. Second. Because the order of judgment is not signed by any clerk or any judge. Third. Because there are no names of either party in the order of judgment and no judgment against any one; but the court overruled the objection, and admitted said evidence, and defendant's counsel excepted. The defendant then called John B. A. Masse as a witness, who testified that he was clerk of said circuit court, and had been since January 1857; that he had the papers in the case of *Comstock & Andrews vs. Dickinson*; that he found them among the files in his office; that he had the execution, note and order to issue execution. The counsel for the defendant offered to read said papers in evidence, to which the plaintiff objected, because—1st. The execution, by its face, purports to have been issued after the death of Joseph Dickinson, the defendant therein named. 2d. It was issued more than one year after the death of Dickinson. 3d. It does not bear teste of any term or of any day in term of any court. 4th. It is not in the form prescribed by law. 5th. It was issued without any judgment to support it. 6th. The amount of the judgment described in it is different from the amount of the "judgment" read in evidence. 7th. The execution is void upon its face. 8th. It is immaterial, because the return shows no levy or sale. 9th. It is not returnable at any term of any court. But the court overruled the objections, to which ruling the defendant's counsel excepted, and said execution, with the indorsement and return thereon, were read in evidence as follows:

[L. S.] Territory of Wisconsin, county of Brown. ss. The United States of America, to the Sheriff of the county aforesaid, greeting: Whereas, judgment against Joseph Dickinson, was recovered by David A. Comstock and Robert W. Andrews, in the district court of the United States for the county of Brown, at the May term, one thousand eight hundred and thirty-eight, at the suit of the said David A. Comstock and Robert W. Andrews, aforesaid, for the sum of three hundred ninety-three dollars and 18 cents damages,

and three 93-100 dollars costs of suit by the said, in this <span>June Term,</span> behalf expended, whereof execution remains. These are, <span>1860.</span> therefore, in the name of the United States of America, <span>EASTMAN</span> to command you that you levy distress upon the goods and <span>v.</span> <span>HARTEAU.</span> chattels of the said Joseph Dickinson, as aforesaid, excepting such as the law exempts, and the want thereof, of his lands and tenements, and make sale thereof according to law in such cases made and provided, to the amount of said sums, and of the same so made, make due return within sixty days. Hereof fail not. Witness the Hon. ANDREW G. MILLER, judge of our said court, this fifteenth day of June, A. D. 1839.            GARDNER CHILDS, Clerk.

Nov. 27, 1839.—Received of Chas. Tuller, Sheriff, satisfaction in full of this execution. B. SHACKLEFORD, Pl'ffs' Att'y."

Indorsement on same execution:—"David A. Comstock and Robert W. Andrews vs. Joseph Dickinson. *U. St's District Court, May Term*, 1839. Execution issued 15 June, 1839.

| | | | | | | |
|---|---|---|---|---|---|---|
| Damages, | . | . | . | . | . | . | $393 18 |
| Cost, | . | . | . | . | . | . | 3 93 |
| This Ex., | . | . | . | . | . | . | 63 |

$397 74

Int. from 30 May, 1838; returned Nov. 28, 1839, at 9 o'clock, A. M.    B. SHACKLEFORD.—This execution satisfied in full.    CHAS. TULLER, Sheriff."

The defendant then offered in evidence a sheriff's deed for the premises in question, to Daniel Whitney, executed by Charles Tuller as late sheriff of the county of Brown, dated December 6th, 1841, and duly recorded, reciting a sale of said premises under an execution issued out of the district court of the county of Brown, in a cause in which Comstock & Andrews were plaintiffs and Joseph Dickinson defendant, commanding him to make the damages named in the judgment, of the personal property, or in default of that, of the real estate of J. Dickinson. To the admission of this deed in evidence the plaintiff objected, because—1st. The execution upon which the land was sold was void. 2d. It does not

appear that any certificate of sale was ever executed and filed according to the statute. 3d. It does not appear that the premises were ever sold. 4th. If sold, it does not appear that the time for redemption had elapsed from the time of sale to the execution of the deed; which objections were overruled by the court, the plaintiff's counsel excepting thereto, and the deed was read in evidence.

Thereupon the counsel for the plaintiff offered to prove by the administrator of Joseph Dickinson, that the sale to Whitney, by the sheriff, if any, was made without his consent, and without the judgment being revived by *scire facias* or otherwise, against him or against the heirs; that the administrator allowed the time for redemption to expire under an agreement with Whitney that he could redeem it at any time by paying ten per cent. interest thereon, and that the administrator never abandoned the claim of the heirs to said lot 28; that he consulted eminent counsel thereon years before the sale to the plaintiff, and was advised that the title to the premises was in the heirs, notwithstanding the sale to Whitney, if any there was; to the introduction of which evidence the defendant objected; the court sustained the objection, and the plaintiff excepted.

Verdict and judgment for the defendant, from which the plaintiff appealed.

*James H. Howe*, for appellant:

1. At common law a judgment upon which no execution had issued, must, after the death of the defendant in the judgment, be revived by *scire facias*, first against the personal representatives, and, if no assets can be found in their hands, then against the heirs and terre-tenants. *Pennoir vs. Brace*, 1 Salkeld, 320; 2 Tidd's Pr., 1119; Foster on Scire Facias, 71 Law Lib., pp. 2–99; 2 Wms. on Ex'rs., 1700; 3 Bac. Abr.,404.

2. An execution issued without such a revivor, is void at common law, and a sale of real estate under it passes no title. *Heapy vs. Parris*, 6 Durn. & East., 368; *Hildreth vs. Thompson*, 16 Mass., 191. Writs of *elegit* could not issue in England without writs of *scire facias*, to revive them, against the heirs and terre-tenants. 2 Saunders, 50 and 124.

3. These rules of the common law were not repealed by

the statutes of Michigan, in force in this state in 1838. [The argument on this point by the counsel on both sides, is omitted, as the court declined to re-examine the law upon that subject as settled in 6 Wis., 410.]

4. There never was any judgment against Joseph Dickinson. The book from which the judgment (so called) was copied, was authenticated only by th. fact that it was found in the office of the clerk of the circuit court. The entry is not signed by any person, and there were never any pleadings in the cause, nor any record made of it. The judgment is in favor of "Pl'f D. A. C. & R. A.," and against "Def't J. D.," and is void for uncertainty.

5. The court erred in admitting the sheriff's deed without any proof that any certificate of sale was ever executed and filed according to the statute, or that the premises were ever sold, or that before the execution of the deed the period limited for redemption had expired. Where one has a special statute authority to convey lands on doing certain previous acts, the purchaser must show that *all* those acts have been performed, independent of the recitals in the deed of conveyance. 7 Cow., 88 ; 4 Wheat., 77 ; 12 Wend., 74 ; 16 id., 563 ; 2 John., 280 ; 12 id., 213 ; 7 id., 535 ; 2 Starkie, 199 ; 11 Wend., 422 ; 1 Bing., 209 ; 1 Cow., 622.

6. The court erred in excluding the evidence offered, that the administrator allowed the time for redemption to expire under an agreement with Whitney for the redemption at a future time on the payment of ten per cent. interest, and that the claim of the heirs to the premises was never abandoned.

*E. H. Ellis*, for respondent:

1. The judgment was properly admitted. The book in which it was found purported to be a record of judgments in the district court of the United States for Brown county. It plainly shows a judgment in favor of David A. Comstock and Robert W. Andrews against Jos. Dickinson, and although not signed, must be presumed to have been duly rendered by the court, and recorded by the clerk. *Briggs vs. Clark*, 7 How., (Miss.,) 457 ; *Pender vs. Felts*, 2 Smedes & Marsh., 535 ; *Coleman vs. McKnight*, 4 Mo., 83 ; *Venable vs. McDonald*, 4

Dana, 336; *Buckmaster vs. Carlin*, 3 Scam., 104; *Swiggart vs. Harber*, 4 id., 364; *Hall vs. Law*, 2 Watts & Serg., 135; *Porter vs. Brisbane*, 1 Brevard, 381; *Cash vs. Lyle*, 2 id., 183; *Gayle vs. Foster*, Minor, 125; *Matthews vs. Thompson*, 3 Ham., 272; *Ordinary vs. McClure*, 1 Bailey, 7; *Kellogg, ex parte*, 6 Vt. 509; *Egerton vs. Hart*, 8 id., 207; *Doe vs. Greenlee*, 3 Hawks' Rep., 281, cited in 4 Phil. Ev., Cow. & H.'s notes, p. 286, *Vilas vs. Reynolds*, 6 Wis., 228, and cases there cited.

2. The execution was properly received in evidence. The omission of the sheriff to set forth a levy and sale in his return cannot affect the purchaser. *Wheaton vs. Sexton*, 4 Wheat., 506; *Voorhies vs. Bank of U. S.*, 10 Peters, 477; *Gates vs. Gaines*, 10 Vt., 346; *Barnes vs. Barnes*, 6 id., 388; *Clark vs. Foxcroft*, 6 Greenl., 296; *Sanders' heirs vs. Norton*, 4 Monr., 464.

3. The sheriff's deed was properly admitted. If no certificate of sale was ever executed and filed according to the statute, the purchaser is not prejudiced. *Jackson vs. Young*, 5 Cow., 269; *Jackson vs. Page*, 4 Wend., 590; *Carson vs. Doe*, 6 Smedes & Marsh., 111. The time for redemption had expired before the date of the execution of the deed. In support of the deed counsel also cited *Sumner vs. Moore*, 2 McLean, 59; *Jackson vs. Rosevelt*, 13 John., 97; *Jackson vs. Bartlett*, 8 id., 361; *Owen vs. Simpson*, 3 Watts, 87; *Bishop vs. Gregory*, 5 B. Monroe, 359; *Mitchell vs. Evans*, 5 How., (Miss.,) 548.

4. The plaintiff's offer to prove that the administrator allowed the time for redemption to expire under an agreement with Whitney, was properly rejected, because it does not appear that the administrator ever tendered to Whitney the amount alleged to have been agreed upon for the redemption, and this after a lapse of seventeen years from the time of sale; and because the administrator had no authority to make such an agreement; and because the agreement was not in writing, as required by the statute of frauds. Stat. Wis. Ter., 1839, p. 102, § 8.

5. In the cases cited from 1 Salkeld, and 6 Durn. & East, the executions were held to be erroneous and irregular but not void. Where executions have been irregularly or erro-

neously issued, the courts have uniformly held that although they might be set aside *before* a sale of real estate under them, yet *after* sale the purchaser acquires a good title, the executions in such cases being not void, but voidable merely. *Speer vs. Sample*, 4 Watts, 367; *Jackson vs. De Lancy*, 13 Johns.. 549; *Bennett vs. Hamill*, 2 Schoale & Lefroy, 566.

June Term, 1860.

EASTMAN
v.
HARTEAU.

*By the Court*, DIXON, C. J. We have been strongly urged to overrule the former decision of this court in this case, as to the effect of the statute of Michigan in dispensing with the necessity of a *scire facias* in order to give any validity to the execution sale under which the respondent claims title. But whatever might be the opinion of the court as now constituted, upon that question, were it for the first time presented, we are not inclined to re-examine the decision already made, upon which there was a motion for re-hearing argued and overruled. The question arose under an old statute no longer in force, and is not likely to arise again. And such being the case, we do not think the occasion justifies us in re-examining for the purposes of this case only, a question which has been once solemnly decided by the court, and that decision adhered to upon a motion for re-argument.

July 10.

This leaves the single question, whether the record of this judgment was properly admitted in evidence on the last trial. The book was found in the proper custody for the records of the court. It purported to be such record, and the only ground of objection seems to be that it was not authenticated by the signature of the judge or clerk. It is true there was a provision of the statute in force at the time, requiring the judge to sign the record at the end of each day's proceedings. But there is fair reason for saying that this provision was directory, and that it was not intended that its non-observance should invalidate the judgments. We have been at some pains to inform ourselves as to the practice from those familiar with it at that early day, and among others from one of the judges of that district, and we learn that this provision of the statute was then regarded as directory, and that owing to the inability of the clerk to complete the record of each day's proceedings in time, its observance was often ne-

June Term, 1860.

glected. Under these circumstances we must hold the record sufficient. In addition to the authorities cited by the respondent's counsel, the following may be referred to in support of its admissibility, *Boston vs. Weymouth*, 4 Cush., 542; *Read vs. Sutton*, 2 Cush., 115. In the latter case the docket entries, which were not authenticated in any other manner than in this case, were held admissible as evidence and entitled to the same effect as a full record, the full record not having been perfected at the time. The court said: "The docket is the record until the record is fully extended, and the same rules of presumed verity apply to it as to the record. Every entry is a statement of the act of the court, and must be presumed to be made by its direction, either by a particular order for that entry, or by a general order, or by a general and recognized usage and practice, which presupposes such order."

The judgment must be affirmed, with costs.