WILLARD C. FRENCH v. FRANKLIN R. PEASE, *et al.*

FOREIGN JUDGMENT; *Authentication; Presumption as to validity where rendered.* A record of a judgment rendered in Connecticut, properly authenticated under the act of Congress of May 26, 1790, by having the proper certificates and signatures of the clerk and judge, and the seal of the court appended thereto, will be presumed *prima facie* to be valid and binding, and entitled to full faith and credit in Connecticut and elsewhere, although the judgment may not be signed by the judge of the court rendering it; and in general, whenever a judicial record which would be valid and binding if made in this state, comes properly authenticated from another state, it will be presumed to be valid and binding in the state from which it comes until the contrary is shown; and until the contrary is shown full faith and credit will be given to it here.

*Error from Lyon District Court.*

ACTION on a judgment of the superior court of Hartford county, State of Connecticut, brought by *Franklin R. Pease* and *William M. Foster.* The question here is, whether the judgment sued upon was valid. The facts are fully stated in the opinion. The case was tried at the March Term 1871 of the district court. Judgment was given for the plaintiffs, and *French* brings the case here.

*Ruggles & Plumb*, for plaintiff in error:

The court below erred in the admission in evidence of the transcript certified by the clerk of the superior court of Hart-

ford county, Connecticut, because that record, whatever it was, could not have been relevant to prove any of the issues in the trial below unless it had the binding effect of a judgment by the law or usage of the state of Connecticut: Const. U. S., art. 4, § 1; 1 U. S. Stat. at Large, 122; 1 Greenl. Ev., § 504; 3 Iowa, 474.

If that record would not be a valid judgment by the laws of the state of Kansas our courts will not take judicial notice of whether it would or would not be by the law of the state of Connecticut; but the onus is on the plaintiff to prove its effect in Connecticut the same as any other fact: 1 Greenl. Ev., § 546; 15 Ohio, 43; 6 Conn., 480; 2 Black, 31; 13 Minn., 390; 17 Louis., 73, 204; 4 Allen, (Mass.,) 55; 9 Iowa, 522; 12 Wis., 635; 24 Ill., 293; 27 Texas, 639; 5 Jones' Law Rep. (N. C.,) 130; 30 Ala., 382; 11 Ind., 331; 28 Vt., 776; 19 Mo., 474; 8 B. Mon., 306.

The transcript of what plaintiffs below claim to be a judgment would not have the effect of a judgment by the law of our state, unless it was signed by the judge of the court rendering the judgment: Civil code, §§ 414 to 419; 23 Ind., 588; 5 Wis., 138; 31 N. Y., 465; 5 Kas., 578; 4 Kas., 283; 17 Ohio St., 571; 14 How. Prac. R., 426.

It has sometimes been said that in absence of proof of the law of a sister state it will be presumed to be the common law. No instrument can have the force and effect of a judgment without the signature of the presiding judge, or his prothonotary, to the *allocatur* upon which judgment is entered at common law. That *allocatur* and signature must be copied into the judgment-roll, and the roll must again be signed by a prothonotary: 2 Tidd's Prac., 930; 3 Bouv. Inst., 531, § 6; Stephens on Pl., 109, 111, 133; 1 Bouv. Law Dict., 766; 5 Taunton, 674; 2 Phil. Ev., 355.

The transcript neither having the necessary elements of a judgment under our law, nor at common law, it could not be received in evidence as the transcript of a judgment in the state of Connecticut without proof that by the law or usage

of the state of Connecticut it had all the proper elements to give it the effect of a money-judgment in that state. 3 Iowa, 474.

*Almerin Gillett,* for defendants in error:

There was no error in receiving in evidence the record of the judgment sued upon. Such record is admissible: 12 Wis., 267, 275; 7 How., (Miss.,) 457; 2 Smedes & Marsh., 535; 4 Mo., 83; 4 Dana, 336; 3 Scam., 104; 2 Watts & Serg., 135; 1 Brevard, 381; 3 Ham., 272; 6 Vt., 509; 4 Phil. Ev., 286; 6 Wis., 228; 4 Chand., 12; 6 Wend., 666; 1 Greenl. Ev., § 548.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a judgment rendered in the Superior Court of Hartford, Connecticut. Everything seems to be admitted to be regular except that the judgment was not signed by the judge of the court rendering it. The judgment and all the proceedings connected therewith seem to be in proper form. The judgment was rendered upon personal service of the summons upon the defendant, (plaintiff in error in this case,) and also upon a voluntary appearance of the defendant in the action. And the record of the judgment and the proceedings connected therewith is properly authenticated by the certificates and signatures of the clerk and judge, and seal of the court, as provided by the act of Congress of May 26, 1790. (1 U. S. Stat. at Large, 122.) In fact, no rulings of the district court are complained of except such as treated said judgment as a valid and subsisting judgment; and the only objection made to the judgment is, that the same has not been signed. This objection we think is not tenable. There is no statute in this state that requires judgments to be signed; and we do not think that in practice they ever are signed. The very judgment brought to this court by the plaintiff in error himself, (the judgment of the district court of Lyon county,) which he now seeks to have reversed, because it is a valid judgment, and prejudices his rights, is not signed. It is the prac-

tice in this state however for the judge of the district court to sign each day's proceedings; but there is no statute that requires even this to be done. Whenever "a complete record" of a case is made, however, it is the duty of the judge to sign the same. But under the code of 1868, Gen. Stat., 707, § 415, no "complete record" is required to be made, unless ordered by the court, and the court seldom orders the same to be done. In practice, and under §§ 409 to 414 of our code, the clerk by order or permission of the court enters the judgment (as well as every other proceeding) in all cases *in full* upon the journal, and this judgment (as well as every other proceeding) is valid, and has force and effect as soon as it is entered on the journal, whether it is ever signed by the judge or not, and whether it is ever transcribed into the complete record or not.

The question now under consideration however is not whether a judgment rendered in Kansas without the signature of the judge appended thereto is valid, but it is whether a judgment rendered in Connecticut, and not signed by the judge, is valid. And in order to know whether such a judgment is valid in Kansas we must know whether it is or is not valid in Connecticut; for upon its validity in Connecticut depends its validity in Kansas. (U. S. Const., art. 4, § 1.) If such a judgment is entitled to full faith and credit in Connecticut, then it is entitled to full faith and credit here; but if not there, then not here. But as such a judgment would be valid, and entitled to full faith and credit in Kansas, if rendered here, it must be presumed *prima facie* that it is valid and entitled to full faith and credit in Connecticut. We cannot suppose without proof that what would be valid in our own state, if rendered here, would be void in any other state if rendered there. And in general, whenever a judicial record, which would be valid and binding if made in this state, comes properly authenticated from another state, it will be presumed to be valid and binding in the state from which it comes until the contrary is shown; and until the contrary is shown, full faith and credit will be given to it here, and if any person

controverts its validity he must show its invalidity by proper evidence.

It is claimed that at common law judgments were not valid unless they were signed; and authorities are cited to show the same. "Signing judgment," however, at common law did not mean such a signing of judgments as we have been considering. None of the authorities cited by counsel for plaintiff in error show that a complete judgment-entry after it was made needed to be signed, or that it would be invalid if not signed. The words, "signing judgment," and other similar words, as used at common law, meant a very different thing from signing the completed judgment-entry. Such words simply meant the allowance or permission by the master, prothonotary, or other proper officer, to the plaintiff or defendant to have judgment entered in his favor when the cause had reached such a stage that he was entitled to have a judgment rendered in his favor : Bouvier's Law Dict., title, "Signing Judgment:" also, title "Postea:" 3 Bouvier's Institutes, 531, No. 3313, § 6. And the common-law authorities nearly always speak of one of the parties, generally the plaintiff, "signing judgment," and seldom speak of an officer, "signing judgment." (Jacobs' Law Dict., title, "Judgment;" 2 Tidd's Prac., 465, 469, 903.) And the judgment here spoken of as thus "signed," is in fact no judgment at all. It is not a completed judgment. It has not yet been entered in full. It has not yet become a part of the permanent rolls of the court. It is really only a right and a permission to take judgment, and although an execution may in some cases be issued on it yet it cannot be used as evidence in any court of justice. 1 Bouv. Law Dict., title, "Judgment;" 2 Phillips Ev., 3 Am. ed., 134. It has been held in Pennsylvania that the full or completed judgment may not be made up for years after it is allowed, and then that it may be made up from the skeleton entries on the docket and trial list : Wilkins v. Anderson, 11 Penn. St., 399. Now if this is good law it would not seem necessary that the judge should sign the completed judgment when it is made up. (See also Eastman

*v. Harteau,* 12 Wis., 267, and the numerous cases there cited by court and counsel.) In this state it is the practice and the law, (civil code, Gen. Stat., 707,) to enter up all judgments in full and to make them complete as soon as they are allowed by the court. The judgment of the court below is affirmed.

All the Justices concurring.