## LOUIS J. HOLTHAUS v. JANE C. FARRIS.

RIGHTS OF WIFE *to her Separate Property; Equity.* Prior to her marriage, F. was the owner of certain certificates for land issued by the A. T. & S. F. Rld. Co. At the time of her marriage, she and her husband were residents of Missouri, and continued to reside there. After her marriage, the balance due on these certificates was paid out of her separate property, her husband acting as her agent in the last payment, and having possession of the money so paid. The certificates were surrendered, and, without her knowledge or consent, the deeds were issued in the name of her husband, and so recorded on the records of the office of the register of deeds. A suit in attachment was commenced against her husband on a debt due by him, these lands seized, publication made, default and judgment entered, and the lands sold on execution to the plaintiff in the judgment, as the lands of the husband. Prior to the execution of any deeds upon such sale, she commenced this action to restrain any deeds and to have her title adjudged good as against these proceedings. Upon the trial, certain sections of the statutes of Missouri were offered in evidence, concerning marriage settlements, etc.; but none in terms, either establishing or setting aside the common-law rule of the husband's ownership of the wife's personal property, when reduced to possession. *Held,* That we are not to presume that the laws of Missouri are different from our own, or that the equitable rights of a married woman to her separate property are not recognized and enforced in the courts of that state. And *held,* further, that she being equitably the owner of this real estate, and no matter of estoppel appearing in the creation of the husband's debt, or otherwise, the district court did not err in enjoining the issue of any deeds upon such sale, and in decreeing her title to be good as against the proceedings in the attachment suit.

*Error from Pottawatomie District Court.*

ACTION brought by *Farris* against *Holthaus*, to restrain the execution of a sheriff's deed of certain lands to defendant, and to have her title thereto declared good. Trial by the court at the August Term, 1877, and findings and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*A. H. Case,* for plaintiff in error.

*L. B. Wheat,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are these: Plaintiff in error commenced an action of attachment against the husband of defendant in error, attached certain lands, obtained service by publication, took judgment by default, and purchased upon sheriff's sale the lands attached. Before the sheriff's deed had been executed, defendant in error commenced this action to restrain the execution of the deed, and to have her title to said lands adjudged good. At the time of the commencement of these attachment proceedings, the record title was in the husband of defendant in error, and defendant in the attachment proceedings. Both Mr. and Mrs. Farris were non-residents. Her claim was, that the lands were really and equitably hers, and that by mistake the record title had been passed to her husband.

Upon the record, three questions may be said to arise: First, were these lands equitably in fact the property of Mrs. Farris? Second, what effect did the residence of Mr. and Mrs. Farris have upon the ownership and title? And, third, if Mrs. Farris was the real owner, was she entitled to the relief sought?

Upon the first question there is no room for doubt. The lands were purchased from the A. T. & S. F. Rld. Co. At first, only certificates of purchase were issued, and issued in blank. These became the property of Mrs. Farris long before her marriage. The subsequent payments of purchase-money were out of her separate funds, and only one of them, and that the last made, through the hands of her husband. Equitably, the lands were hers, because her property paid for them.

Second: Mr. and Mrs. Farris at the time of their marriage were residents of Missouri, and it is claimed that the common law prevails in that state, and that as the land certificates passed into his hands after marriage, and also the moneys for the last payment, that these became his absolute property, and therefore the land itself acquired thereby be-

50—24 KAS.

came in law his property, and liable for his debts. Certain portions of the statute law of Missouri were introduced in evidence, but we fail to see in them anything which justifies this conclusion. As no marriage settlement was produced in evidence, the necessity of a record, and the effect thereof as declared by statute, need not be considered. We may not assume that the law of that state differs from ours, or that a court of equity in that state would fail to recognize and protect the equitable rights of a married woman to her separate property. (*French v. Pease,* 10 Kas. 54; *Furrow v. Chapin,* 13 Kas. 113; *K. P. Rly. Co. v. Cutter,* 16 Kas. 568.)

Finally: The right to this relief is clear. The record title was not passed into the name of her husband with her knowledge or consent. The debt sued on was not created on the faith of his ownership. There are no equitable reasons why her title to the property should not be protected. And to permit a sheriff's deed to go out based upon the record and apparent title would cloud her title, even if it were not the means of passing to some innocent purchaser a perfect title. Hence there are just grounds for the interposition of a court of equity to protect her rights.

We have considered this case as though the record were properly before us, and upon that record it must be adjudged that the ruling of the district court was correct, and it will be affirmed.

All the Justices concurring.