## TAIT VS. FOSTER.

1. COMMON COUNTS — EVIDENCE — PRACTICE. At common law a promissory note is admissible in evidence to support counts for money lent and advanced, for money had and received, and upon an account stated. But under the statute of the Territory and rules of practice a notice must accompany a declaration in the common counts, stating the special matter relied on to support it.

2. SAME. In an action upon a promissory note the plaintiff may either declare specially on the note, or in the common counts, giving notice that he relies on the note to support them, and where the declaration contains the common counts only, and no such notice is given, a promissory note is not admissible as evidence in support of the declaration.

3. MISTAKE OF LAW — NEW TRIAL. Ignorance, misapprehension, or an erroneous construction by counsel of the statute or rules of practice, is no ground for a new trial.

ERROR to the District Court for *Rock* County.

*Tait* brought an action of assumpsit against *Foster*, and his declaration contained the common counts only, to which *Foster* pleaded non-assumpsit. There was no copy of a note or bill of particulars filed by the plaintiff. At the trial the plaintiff offered in evidence under the common counts contained in his declaration, a promissory note made by the defendant to the plaintiff for $355, dated July 17, 1837, payable January 1, 1838. The defendant objected to the reading of the note in evidence, and the court sustained the objection. A verdict was rendered for the defendant, and the plaintiff moved for a new trial on account of the rejection of the note as evidence and on

Tait vs. Foster.

the ground of surprise, and in support of the last ground relied upon an affidavit of his attorney, stating that he drew the declaration by the advice of his associate, and that he did not know of any practice of the court that forbade the introduction of a promissory note in evidence under the common counts, and that the declaration was drawn under the common law practice of England, New York and Pennsylvania; and he asked leave to amend his declaration. The motion was overruled and judgment entered on the verdict.

*J. H. Knowlton* and *A. Hyatt Smith,* for plaintiff in error.

At common law a plaintiff might give a promissory note in evidence under the common counts. 7 Cow. 316; 8 id. 77; 7 Wend. 311; 12 Johns. 90; 19 id. 268, and the statute of Wisconsin, 203, § 29, prohibits special pleading. The statute of Wisconsin, 203, §§ 30 and 31, only apply where it is desired that the clerk should assess the plaintiff's damages.

*David Noggle,* for defendant in error.

It was necessary under the statute and the rules of practice that the plaintiff should have declared specially on the note, or in the common counts, giving with his declaration a copy of the note, so as to apprise the defendant of the nature of his demand. He might take either course, but not having done so he could not give his note in evidence. Stat. of Wis. 203, §§ 27, 29; 12 Johns. 268; 3 Wend. 437; Graham's Pr. 511–518.

DUNN, Ch. J. This case is presented upon error to the decision of the district court of Rock county. The plaintiff here was plaintiff below, and brought his action of assumpsit against the defendant, and declared generally in the common counts, for goods, wares, etc., money lent and advanced, and for money had and received. Issue was joined on the plea of non-assumpsit, and on the trial the plaintiff offered in evidence a promissory note given by defendant to plaintiff, to support the counts for money lent and advanced, and for money had

and received, which was rejected by the court. The principle does not admit of question, that a promissory note may be received as evidence to support a count for money lent and advanced, for money had and received, and the *insimul computassent* count. The practice however, under the statute of this Territory, and the rules of court will determine when it is proper thus to receive a note in support of these counts. As the law now stands, parties may plead generally or specially at their option. If they plead generally, it is incumbent on the party thus pleading to give the opposite party notice of the special matter relied on to support the action or defense on the trial. This is a general rule recognized in practice under our rules of court and the statute.

In the case at bar the plaintiff chose to declare generally in the common counts in assumpsit. He might have inserted a special count on his note, in the same declaration, and this is conformable to correct and sound practice. Having elected to declare generally, he should have given defendant notice in some shape, that he intended to rely upon the note to support one or more of his common counts. This is reasonable and proper, nor does it violate any principle of law, thereby taking away any right of the plaintiff. Rules are adopted in all courts, to facilitate business, and prevent surprise of parties; the latter is absolutely necessary to an impartial administration of justice.

It is an inflexible rule of pleading, that the plaintiff should, in his declaration, or by accompanying notice, or bill of particulars, apprize the defendant specifically and intelligibly of the nature of the claim or charge against him, that he may be prepared to make a proper defense on the merits. And it is no answer to this rule to say that a defendant is presumed to have a full knowledge of each and every transaction, by which he may have rendered himself liable to suit. Such a presumption is not indulged in by the system of pleading.

In relation to the rule of court, which requires the filing

of an account with the declaration, plea or notice of set-off, when it is intended to rely on one, under the common counts or in set-off, it is needless to assert a self evident proposition, as has been done in argument, "that a note is not an account." Although a note is not an account, it may very properly be inserted as an item in an account or bill of particulars, and this should have been done in the case at bar, or something equivalent; the plaintiff having chosen not to frame a count on the note, he should have given the defendant notice in some other manner of the particular nature of the demand against him.

Under our practice, regulated by the rules of court, it is incumbent on the plaintiff to give the defendant notice of the particular nature of his demand, in the declaration or otherwise; therefore it was not necessary that the defendant should have applied for a bill of particulars to enable him to take advantage of the plaintiff's omission.

The district court having rejected the note for this omission of the plaintiff, it was no longer before the court, and to have permitted a question to be raised about the execution of the note, without objection, would have been entirely unnecessary and useless.

The motion for a new trial was properly overruled. Full knowledge of the existence of the rule referred to is admitted in argument; the construction put upon it produced the difficulty. It is the privilege of counsel and attorneys to put constructions upon law and the rules of practice, submitting always the soundness of such constructions to the test of judicial investigation and decision. If their constructions shall be found upon examination to be against the reason of the principles of law, or rules of court, and therefore rejected, it is no reason for a new trial that attorneys were ignorant of what would be settled as the proper construction.

We are of opinion that the judgment of the district court, on all the points raised, be and the same is hereby affirmed, with costs.