GEORGE B. MINER, Appellant,

*vs.*

JOHN W. MEDBURY, Respondent.

The opinions pronounced and filed by this court on the final determination of an appeal or writ of error are to be regarded as instructions to the court to which the cause is remanded, and such court should proceed therein accordingly.

Under the old practice in equity, after a cause had been fully prepared, and been finally heard upon the pleadings and proofs of the parties, and a final decree rendered, which by appeal is brought to this court, on the hearing of which the decree is reversed, and the rights of the parties settled by the judgment and opinion of this court, the circuit court to which the record is remitted, cannot open the cause for new testimony, but should proceed to judgment in accordance with such opinion.

The Code has not changed the practice in this respect.

At a former term of this court, this cause came on for hearing upon an appeal from a final decree of the circuit court of Milwaukee county. The decree of the circuit court was reversed, judgment rendered accordingly, the opinion of the court placed on file, and the cause remitted to the circuit court. Now at this, the succeeding term, two motions are made in the cause, both of which are stated in the opinion.

*J. Downer*, for the Appellant.

*Butler, Buttrick & Cottrell*, for the Respondent.

*By the Court*, Cole, J. Two motions have been made in this case, which will now be disposed of,—one on the part of the respondent for a rehearing of the cause; the other on the part of the Appellant, for this court to amend the *remittitur*

Miner vs. Medbury.

herein by adding a direction to the court below to enter judgment rescinding the contracts in the bill mentioned, and for a judgment in favor of the appellant, and against the respondent, for the money paid on the contracts with interest and costs of suit.

We are of the opinion that both these motions should be denied. In reference to the motion for a rehearing, all we deem it necessary to say, after the opinion already filed, is that our views upon the case remain unchanged. No new light was thrown upon the case in the argument of the motion for a rehearing, and after a further examination of the evidence we think it very clearly shows such misrepresentations on ·the part of the respondent, as to the character and condition of the pine timber upon the lands, as ought to impeach and set aside the contract ˉfor fraud. We are unable to arrive at any other conclusion upon the testimony, and we therefore think the motion for a rehearing should be denied.

We consider it entirely unnecessary to amend the *remittitur* in the respect asked for in the motion, since, if not in express language, by the strongest implication, such a direction is embraced in the *remittitur* already sent down to the court below. By the judgment of this court rendered herein, the rights of the parties to this cause were fully and definitely settled, and all that remains for the circuit court to do, is to carry out this judgment according to the views expressed in the opinion. That is really the mandate of this court, and it is not to be supposed that the circuit court will not proceed and enter a judgment rescinding the contract, and also that the respondent pay over to the appellant the amount already paid on the contracts, with interest and cost of suit. It was suggested, in support of the motion to amend, that perhaps under the practice introduced by the code, the circuit court upon application, might open the case for further testimony, and for a trial *de novo*. But such a practice in this cause would

*Miner vs. Medbury.*

be entirely unauthorized and improper. The case was set down for final hearing in the circuit court, upon bill, answer, replication and proofs, and a final judgment was entered in that court, dismissing the complainant's bill. The cause then came to this court upon appeal, and upon consideration, the judgment of the circuit court was reversed and the cause was remanded to that court for final judgment in conformity to the decision of this court. Under these circumstances it would be a most novel and extraordinary practice for the circuit court to again open the case for new testimony and proceed and re-try the cause. We cannot believe that any such practice is allowed by the code or was ever contemplated by the Legislature. There can be no doubt as to what would be the correct practice under the old system in chancery, where the cause had been brought on for final hearing as this was, and the decree had been reversed. No one would have thought of applying to the circuit court to re-open the case and take additional proofs. And we think the practice remains essentially the same in what were formerly equity cases, since the adoption of the code. Otherwise the circuit court might go on rehearing these causes where its judgment was reversed, *ad infinitum,* and there would be no such thing as a finalty in them, until this court should affirm the judgment of the court below. Such a practice would involve the most absurd consequences, and it is not to be presumed that it would be sanctioned by the circuit court in the case bar. That court will undoubtedly, on application, proceed and enter final judgment in this case, in accordance with the views expressed in our opinion.

We therefore deem the amendment unnecessary, and must deny the motion