TIMOTHY CARNEY *vs.* NORMAN J. EMMONS and
JOHN H. VAN DYKE, Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard July 13.]                    [Decided July 16, 1859.

*Attachment—Orders and Decrees—Trustee—Evidence—Es-
toppel—New Trial—Practice.*

Where an attachment was levied upon real estate, the legal title to which was
   in the alleged debtor; and after the proceedings were commenced, a bill was
   filed against the debtor, to have the title to the land declared to be held in
   trust for the complainant in the bill, and a decree was passed accordingly;
   and afterwards the land was sold upon a judgment obtained in the attach-
   ment suit, and bid in by strangers to the record. The grantee of the com-
   plainant now filed a complaint to set aside the sale upon the judgment, as a
   cloud upon his title; and on the trial the court below allowed the decree in
   the chancery case to be read as conclusive of the right of the complainant to
   the land, although the defendants were not parties to the record; but on ap-
   peal, held that it was incumbent on the complainant to show, by competent
   testimony *aliunde* the decree, that the land was held in trust,

Where proceedings by attachment have been commenced, and a levy is made
   on trust property, the effect is to fasten upon whatever interest the trustee
   may have in the property at the time; and that interest will also vest in
   the purchaser under an execution issued in the attachment suit; nor will
   that interest be affected by any proceedings against the trustee, to which
   neither the attaching creditor nor the purchaser, is made a party. Neither
   of them was bound to examine witnesses, take an appeal, or do any other act
   of defense.

Upon the reversal of a case on appeal in an equity action, the court will not
   order a new trial, even where it is suggested that there has been newly dis-
   covered evidence. This rule is not changed by the adoption of the code. In
   such a case the court only allows the plaintiff to dismiss his complaint with-
   out prejudice.

The case of *Miner vs. Medbury*, 7 Wis., 100, considered and approved.

The facts in this case are briefly as follows: Sometime in
the year 1847, John Robinson instituted a suit by foreign at-

tachment, under the provisions of the Revised Statutes of the Territory of Wisconsin, against Josiah R. Dorr, wherein divers parcels of land, and among others Lot 3, Block 32, in the Third Ward of Milwaukee, was attached.   The title of record at the time was in Dorr.   Judgment was rendered in the action on the 28th November, 1848; but no execution issued till July, 1856, when the lot was sold to the defendants for $530.   On the 19th September, David H. Griffith and John Griffith, filed a bill in the same court against Dorr, averring that Dorr had no equitable title to the lot, but held it in trust for them.   A decree was entered by default upon this bill, and the title was decreed to be passed to the Griffiths, &c.   Carney now claims, by conveyance from the Griffiths by deed, and brings this suit to set aside the execution sale, upon the ground that the premises were held in trust by Dorr, alleging such trust, and that the sale under the attachment proceedings is a cloud upon Carney's title.   It averred that these defendants had notice of the equity of the plaintiff at the time of the sale to them, but not at the time of the levy of the attachment.

At the hearing below, the only evidence offered to show the trust in Dorr, was the record and decree in the proceeding of *Griffith vs. Dorr*, which was received by the circuit judge under objection, that neither Robinson nor the appellants were parties to that suit.

The circuit court held as follows:

"In this case I have come with great hesitation to the conclusion to hold that the decree obtained by the two Griffiths, against Josiah R. Dorr, is sufficient proof to establish their title to the land in litigation, and of the equitable rights therein of John Griffith at the time of the attachment.   This fact being so established, I am of opinion the lien of the attachment only applied to the interest of Dorr, subject to the equity of John Griffith.   The decree already referred to vested the legal title in David H. Griffith free and clear of the lien of the attachment.

"It follows that there must be judgment for the plaintiff.
                    ARTHUR McARTHUR, Judge."

Judgment was entered upon this finding, and the defendants appealed.

*Emmons & Van Dyke*, for the Appellants.

*Butler, Buttrick, & Cottrill*, for the Respondent.

Carney vs. Emmons and Van Dyke.

*By the Court,* COLE J.  From the view which we have taken of this case, it becomes quite immaterial to consider whether the proceedings in the attachment suit of Robinson against Dorr were regular or not. Neither will it be necessary to inquire whether by the attachment and subsequent sale, under these proceedings, any other or greater interest was or could be transferred to the purchaser than that which Dorr actually had in the property, at the time the lien attached, under these proceedings.  Our impression certainly is, that if the respondent had established, by proper and competent evidence, the fact that Dorr only held the legal title to the property attached as trustee, and that the equitable estate was vested in some other person, that all the purchaser, in that case, would have taken at the sale, would have been the precise interest which Dorr had, and no other.  However, this proposition the counsel for the appellants declined to discuss; and its determination does not become material in the present disposition of the case.

In order to set aside the proceedings under the attachment suit and subsequent sale, it was incumbent upon the respondent to show that Dorr really held the property as trustee, and this fact should have been established by competent testimony *aliunde* the decree in the suit of Griffith vs. Dorr. Now the fundamental error in the decision of the circuit court was in holding that this decree was sufficient to show Dorr's right in the property, and was conclusive upon the appellants as to the equitable rights of John Griffith therein. The attachment suit was instituted some time before the commencement of the chancery suit of Griffith vs. Dorr, and the effect of it was to fasten upon whatever interest Dorr had in the property at the time the lien attached under the former proceedings.  This interest became vested in the appellants. By what principle, then, can it be said that the appellants are

concluded by the decree in the subsequent chancery suit, and bound by proceedings instituted to settle Griffith's interest in this property, after their rights had by relation attached, and when they were neither parties nor privies to that record? For certainly Robinson was no party to the suit of Griffith vs. Dorr, and consequently could not be affected by any decree rendered in that cause. Besides, his attachment proceedings were commenced more than a year anterior to the Griffith suit. Robinson might, *perhaps*, have been made a party to that suit, or brought in by a proper proceeding so that he would have been concluded by the decree. But this was not done.

It was contended on the argument that Robinson could have been admitted to make a defense to the suit of Griffith vs. Dorr, and might have examined witnesses, taken an appeal, &c., and therefore ought to be bound by the decree. There is a class of cases, undoubtedly, where a party interested in the subject matter of the litigation, will be let in to prosecute or defend, and when he does so, or an opportunity is seasonably given, so that he can control the proceedings, such party will be bound by the result. These cases are very familiar to the profession, and need not be referred to. But we do not suppose Robinson was under any more obligation to defend the Griffith suit, than any creditor is bound to make himself a party to litigation, which affects his debtor's property.

The general principle has been long established, " that a transaction between two parties in judicial proceedings, ought not to be binding on a third, for it would be unjust to bind any person who could not be admitted to make a defense, or to examine witnesses, or to appeal from a judgment he might think erroneous." This doctrine, so clearly and comprehensively stated by Chief Justice de Grey in the Dutchess of Kingston's case, has been repeatedly reaffirmed in a vast

Carney vs. Emmons and Van Dyke.

number of cases in England and in the United States. (See 2 Smith's Lead. Cases, marginal paging 424, and following cases and notes; 4 Cowen & Hill's Notes to Phil. Ev. Note 1, *et seq.*) How, then, can it be said that the appellants were concluded by the adjudication in the case of Griffith vs. Dorr, a case commenced subsequent to the attachment suit, and to which they were strangers? Manifestly they could not be. It became, therefore, necessary for the respondent to show, by good and sufficient proof *aliunde* the decree, that Dorr only held the legal title to the property as trustee of Griffith; and that no valuable interest could pass to the purchasers at the attachment sale. This not having been done, the judgment of the circuit court must be reversed on that ground.

It was suggested, on the argument by the counsel for the respondent, that some very important testimony had been discovered since the trial in the court below, which went clearly to establish the fact that the real equitable interest in the property belonged to Griffith at the commencement of the attachment suit, and the request was interposed, that if we should be compelled to reverse the judgment of the circuit court, we would send the cause back for a new trial. This is what would be under the old practice a chancery case, being a proceeding to remove a cloud upon the respondent's title, and we are not aware that in equity cases, after reversing the decree of the court below, the appellate court has ever ordered a new trial, or permitted the cause to be again opened, and new proof taken. Such a proceeding would be most inconvenient and oppressive to parties. And we do not think this practice has been changed, in what were equity cases, by the adoption of the code of proceedure. This court so decided in the case of *Miner vs. Medbury*, 7 Wis., 100, when the question was directly presented by a motion made in that case. Although this court, therefore, could not order a new trial in this cause, so as to enable the respondent to avail him-

self of his newly discovered evidence, we think it would be very proper, under the circumstances, and really no great hardship to the appellants, if the circuit court, in its discretion, should permit the respondent to dismiss his complaint, without prejudice, on payment of costs.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings, in accordance with this opinion.