SARAH E. CLAYTON, by her next friend, *vs.* ANN YARRINGTON and others.

In equity cases in which issues have been framed and sent to the circuit for trial by a jury, and upon the trial exceptions have been taken to the rulings or charge of the presiding judge, and either party afterwards moves, at special term, upon a case, for a new trial, it is the duty of the justice at the special term to examine and pass upon the legal questions raised by such exceptions.

The motion for a new trial, in such cases, is addressed to the discretion of the court which directed the trial of the issues; and such court may grant or deny the motion for reasons which would not be sufficient to induce or authorize a like decision in an action at law.

In analogy with the statute of New York which provides that at any time within three years after judgment rendered in an action of ejectment, the court in which the same was rendered, on application of the defeated party and payment of costs and damages, shall vacate such judgment and grant a new trial, it is a recognized rule of courts of equity to grant a new trial in a case in which the verdict binds the heir at law, as to the inheritance, or upon an issue as to the validity of a will of real estate, upon grounds which, in other cases, would be deemed altogether insufficient to sustain such an application.

MOTION, upon a case, to set aside a verdict, and for a new trial.

BONNEY, J.    This is an action for the partition of valuable real estate, in the city of New York, of which Robert Tier died seised on the 6th of November, 1856.    The plaintiff alleges that Robert Tier died intestate; that she is sole heir at law of John D. Tier, who was a brother of Robert Tier, and that when Robert Tier died his sisters, Ann Yarrington and Jane M. Davidson and the plaintiff, were his sole heirs at law.    The defendants deny that Robert Tier died intestate, but allege that he left a will, made on the 24th of September, 1846, whereby he devised all his real estate to his two sisters, the said Ann Yarrington and Jane M. Davidson; and they deny that the plaintiff has any estate or interest in such real estate; and allege that at the time of the commencement of

Clayton *v.* Yarrington.

the action, the plaintiff was not in possession of said real estate, or any part thereof.

By order of the court two issues were settled and ordered to be tried by a jury, viz: 1st. Was the plaintiff, at the time of the commencement of this action, in possession of the premises or any part thereof ? 2nd. Did Robert Tier die intestate ? These issues have been tried at circuit, where the alleged will of Robert Tier was produced, purporting to have been duly executed, and the execution was proved. The principal question controverted was the capacity of Robert Tier, who was alleged to have been of unsound mind, to make a will. A great number of witnesses were examined, and much testimony was taken, on both sides. Important and difficult questions of law were raised and decided by the court, and to some of the decisions, and to portions of the judge's charge, the plaintiff's counsel excepted. The jury found that Robert Tier did not die intestate, thereby establishing the validity of the will. Upon a case made, the plaintiff moves, at special term, for a new trial, and the defendants at the same time move for judgment in the action. In equity cases in which issues have been framed and sent to the circuit for trial by a jury, and upon such trial exceptions have been taken to the rulings or charge of the presiding judge, and either party afterwards moves, at special term, upon a case, for a new trial, I understand it to be the duty of a single judge at special term, contrary to the usual practice in this court in such cases, to examine and pass upon the legal questions raised by such exceptions ; and that the motion for a new trial, in such cases, is addressed to the discretion of the court which directed the trial of the issues, and such court may grant or deny the motion for reasons which would not be sufficient to induce or authorize a like decision in an action at law. (*Lansing* v. *Russell,* 2 *Comst.* 563 ; *S. C.* 3 *Barb. Ch.* 327. 2 *Daniel's Ch. Pr.* 1307.)

I have read this voluminous case, and considered the evidence and the proceedings at the trial, and the exceptions

taken to the judge's decisions and charge, with all the care my other engagements have permitted; and while I am not prepared to say that any such error was committed by the judge as, in a common action at law, would entitle the plaintiff to a new trial, I must say that I am not fully satisfied that the verdict of the jury is according to the truth of the case. It was not contended by the plaintiff that Robert Tier was insane at all times and on all subjects, or so insane as to be incapable of transacting any business, but that he was laboring under an insane delusion in relation to the acts, intentions and feelings towards him of his immediate relatives, or some of them, and other persons with and among whom he lived, which incapacitated him for correctly and justly understanding and appreciating their conduct and characters, and induced entirely erroneous and unfounded opinions and prejudices concerning them, which were calculated to affect, and in fact did affect and control, his mind in making this will. It is extremely difficult to state rules of law, except in very general terms, for the guidance of a court and jury in the investigation and decision of cases like the present; and indeed it must be said, that the instructions for each case must depend on the peculiar circumstances of that case. The judgment in this action, if against the plaintiff, will finally and adversely determine her claim to a share of the real estate in question. The laws of this state provide that at any time within three years after judgment rendered in an action of ejectment, the court in which the same was rendered, on application of the defeated party and payment of all costs and damages recovered by the judgment, shall vacate such judgment and grant a new trial in the cause. (2 *R. S.* 309, § 37.) And in analogy with this provision of the statutes is also a recognized rule of courts of equity to grant a new trial in a case in which the verdict binds the heir at law as to the inheritance, or upon an issue as to the validity of a will of real estate upon grounds which in other cases would be deemed altogether insufficient to sustain such an applica-

tion. (*Pemberton* v. *Pemberton*, 13 *Ves.* 290. *Winchelsea* v. *Wauchope*, 3 *Russ. Ch.* 441. *Darlington* v. *Bowes*, 1 *Eden*, 271. *Van Alst* v. *Hunter*, 5 *John. Ch.* 148.) In my opinion, it will be a proper exercise of the discretion which I understand to be vested in the court, to direct a new trial of the case. And I would suggest to the parties the expediency of framing, before that trial is heard, some more definite issues which shall distinctly present for trial the question whether or not the said Robert Tier was, at the time when the will in question was made, the victim of any such insane delusion as rendered him incapable of exercising a sound and reasonable discretion in the disposition of his estate.

The verdict should be set aside, and a new trial ordered, costs to abide the event of the action.

[NEW YORK SPECIAL TERM, October 1, 1860. *Bonney*, Justice.]