MANNING, Administratrix, vs. GRANT.

*New Trial: Terms.*

On reversing a judgment in defendant's favor, in a foreclosure suit, this court directed a new trial in case defendant could satisfy the court below that he might be able to make proof that the person by whose fraudulent representations he was induced to purchase the mortgaged premises from plaintiff, was plaintiff's agent to sell the land, or that plaintiff was privy to the fraud. *Law v. Grant*, 37 Wis., 548. On the motion for a new trial, defendant submitted an affidavit of one F., which tends to show that defendant will be able to give evidence upon one of the points named, and this was contradicted by an affidavit of the original plaintiff, since deceased. A new trial having been denied and judgment of foreclosure entered, this court reverses that judgment, and directs a new trial upon condition that defendant stipulate in advance that if, in consequence of plaintiff's introducing the evidence given by her testator on the former trial (*Wilson v. Noonan*, 35 Wis., 321), defendant should be admitted as a witness in the case generally, and if F. should give the evidence indicated in his affidavit, defendant will admit upon the trial that the testator, if living, would testify, *in hæc verba*, what his affidavit states in relation to F. and the matter alleged in F.'s affidavit.

APPEAL from the Circuit Court for *Grant* County.

The record in *Law v. Grant* having been remitted to the

circuit court after the decision of the former appeal therein (37 Wis., 548–568), defendant applied for a new trial upon affidavits of P. A. Orton, Esq. (one of his attorneys), James H. Flanigan and John Anderson. The affidavits of Mr. Orton and Mr. Anderson need not be here stated. That of Mr. Flanigan tended to prove that Mr. R. S. Law was the agent of Wilson Law (the original plaintiff) in making the sale alleged by defendant to have been fraudulent. This affidavit was contradicted by that of Wilson Law, read at the hearing of the motion. The court refused a new trial, and rendered judgment of foreclosure, according to the prayer of the complaint; and defendant appealed from the judgment.

After the judgment was entered, Wilson Law died, and the action was revived in the name of *Ellen M. Manning*, administratrix with the will annexed, and sole legatee and devisee of the deceased.

*P. A. Orton*, for the appellant.

*W. E. Carter*, for the respondent.

RYAN, C. J. When this cause was here before, *Law v. Grant*, 37 Wis., 548, upon appeal from judgment for the present appellant, we were quite satisfied that he had been induced to purchase the mortgaged premises by the fraudulent representations and devices of Richard S. Law. But we found no satisfactory evidence that Richard S. Law acted as agent of the respondent's testator to effect the sale, or that the testator was at the time of the sale otherwise privy to the fraud of Richard S. Law. And upon that ground only we reversed the judgment. The cause was remanded, however, with a direction which we thought due to justice, that there should be a new trial, if the appellant could satisfy the court below that he might be able to supply the missing link of proof.

The affidavit of James H. Flanigan, submitted on the motion for a new trial, certainly tends to show that the appellant

will be able to give evidence upon that point. It is true that it is contradicted by the affidavit of the testator. It is also true that we listened to able argument for and against the probable truth of both affidavits. We abstain, for obvious reasons, from all comment upon the weight to be attached to either the assertion or the denial. The interest involved is of too grave a character to be determined either way, upon motion, on *ex parte* affidavits. It is only upon a trial of the cause, that such a question can safely be determined.

We shall therefore reverse the judgment of foreclosure, and send back the cause for another trial, upon a condition which we deem due to the situation of the parties.

We cannot foresee the course which another trial might take. The respondent might give on her behalf her testator's evidence on the former trial, as preserved in the bill of exceptions. *Wilson v. Noonan*, 35 Wis., 321. If she should, that would probably make the appellant a competent witness generally. In that case, if Flanigan should give the evidence indicated in his affidavit, we think that the respondent should have the benefit of her testator's denial. We therefore make it a condition of the new trial ordered, that the appellant should stipulate in advance that if he should be admitted as a witness in the cause generally, and if Flanigan should testify to the conversation stated in his affidavit, the appellant will admit upon the trial that the testator, if living, would testify *in hæc verba* what his affidavit states in relation to Flanigan and the alleged conversation. We make the condition dependent on the appellant's being a witness generally, in order to restore both parties, as far as possible, to the relative condition they would have borne had the testator survived. If the testator's death should have effect to close the appellant's mouth, it should close his own too.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded for a new trial upon the condition stated in this opinion.