STEVENS vs. THE SUPERVISORS OF CLARK COUNTY and another.

EVIDENCE. *(1) Certified copy of records.*
NEW TRIAL: *(2) When not grantable by appellate court.*

1. Sec. 7, ch. 112 of 1856, provides that "copies of the lists of lands required by section five of this act to be filed in the offices of the secretary of state and the registers of deeds of the several counties, shall, when *certified to be correct* by said officers respectively, under their official seals, be received in any court of this state as evidence" of certain facts. *Held*, that in the certificate accompanying such copy, the certifying officer must state that it "has been compared *by him* with the original," as required by the general provision of sec. 71, ch. 137, R. S.; and a mere certificate that such copy "has been compared" with the original, and is correct, is insufficient.

2. On affirming a judgment, the appellate court has no discretion to grant a new trial.

APPEAL from the Circuit Court for *Clark* County.

This case was similar in its general character to the case of *Marsh and others v. The Board of Supervisors of Clark County and another*, 42 Wis., 502, except as to the proof of plaintiff's title to the lands upon which the taxes complained of were assessed.

Ch. 112, General Laws of 1856, relating to the improvement of the Fox and Wisconsin rivers, requires a record to be made of all the lands selected under certain acts and resolutions of congress, and a certified copy of such record to be filed in the office of the secretary of state, and that there shall also be filed with the register of deeds of each county in which any of said lands may lie, a certified list of the lands lying in such county. It also requires a record to be kept of the sales of said lands, with the names of the purchasers, etc., a copy of which shall be filed in the office of the secretary of state. Sec. 7 of the act is as follows: "Copies of lists of lands required by section five of this act to be filed in the offices of the secretary of state and the registers of deeds of the several counties, shall, when certified to be correct by said officers respectively, under their official seals, be received in any court of this state as evidence that such lands are the lands granted to the state by said acts and resolutions of congress in aid of the improvement of the Fox and Wisconsin rivers."

For the purpose of proving his title, the plaintiff introduced in evidence what purported to be a list of the lands selected under the acts of congress above referred to, verified by a certificate dated at Madison, October 15, 1859, signed by J. D. Ruggles, assistant secretary of state, and sealed with the great seal of the state, which, omitting the formal parts, was as follows: "The secretary of state of the state of Wisconsin does hereby certify that the foregoing list of lands has been compared with the original record of the certified copy of trustees' record of the Fox and Wisconsin Improvement Company's lands on file in this office, and that the same is a true

and correct copy thereof, and of the whole of such original."
The evidence was read subject to defendant's objection to the
incompetence of this certificate.

On the other questions involved, the court held as in the
Marsh case above referred to; but it also held that the plaint-
iff had failed to make proof of his title.

From a judgment in defendant's favor, the plaintiff appealed.

Briefs were filed by *Sloan, Stevens & Morris* for the ap-
pellant, and by *J. R. Sturdevant* and *R. J. McBride*, with
*S. U. Pinney*, of counsel, for the respondents; and there was
oral argument by *Mr. Stevens* and *Mr. Pinney*.

As to the admissibility of the certificate above described,
appellant's counsel contended, that the statute relating specifi-
cally to certificates of that character, having been enacted at a
different time and without any reference to sec. 71, ch. 137,
R. S., should probably not be considered as controlled by it;
but that there was in fact a full and substantial compliance
with it; that the officer's statement that the copy has been
compared with the original and is correct, imports that *he* has
made the comparison, just as a certificate that a certain paper
is a true copy of the record, imports that it is a copy of the
*whole record.* *Ferguson v. Harwood,* 7 Cranch, 408; *Ed-
miston v. Schwartz,* 13 S. & R., 135; *Voris v. Smith,* id., 334;
*Harden v. Webster,* 29 Ga., 427–8; *Peck v. Gale,* 3 Miller
(La.), 320–323; 2 Rob., 297; 3 Phillips Ev. (ed. of 1843),
1059; 1 Greenl. Ev. (Redfield's ed.), § 506. See also *Lazier
v. Westcott,* 26 N. Y., 146; *Miller v. Lewis,* 4 id., 554. To
the point that a substantial compliance is sufficient, they cited
*Redman v. State,* 28 Ind., 205–211; *Harding v. Larkin,* 41
Ill., 416–422; *Roop v. Clark,* 4 G. Greene, 294; *Capen v.
Emery,* 5 Met., 436; *Manning v. Hogan,* 26 Mo., 570; *Strode
v. Churchill,* 2 Litt. (Ky.), 75; *Merritt v. Lyon,* 3 Bailey (S.
C.), 110; *Reeves v. State,* 7 Coldw., 96.

RYAN, C. J.   But for one difficulty, we should have given

the same judgment in this case, as in Marsh against the same defendants, decided at the same time.

The appellant, in proving his title in the court below, offered in evidence what purported to be the copy of a document on file in the office of the secretary of state, verified by the certificate of that officer.

Sec. 71 of ch. 137, R. S., requires such a certificate to state that the copy has been compared with the original by the officer in whose custody it is and who gives the certificate.

The appellant contends that the certificate in this case is taken out of the general statute by sec. 7 of ch. 112 of 1856. We cannot agree with him. We do not think that the section was intended to dispense, in a particular case, with the general certificate required of all public officers, certifying to copies of documents in their custody. Both statutes may stand together. And the phrase, *certified to be correct*, in sec. 7 of the particular statute, means so certified according to the provisions of the general statute.

The certificate of the secretary of state offered in evidence does not state that he has compared the copy with the original; but only that it has been compared. For all that appears by the certificate, the comparison may have been made by private persons. It is true that the secretary certifies that the copy is correct. But he may do that in faith of a comparison made by others, not by himself; whereas he is required by the statute to certify to the correctness of the copy upon faith of a comparison made by himself only. *Ordway v. Conroe*, 4 Wis., 45; *Manning v. McClurg*, 14 id., 350; *Hackett v. Bonnell*, 16 id., 471; *Best v. Davis*, 18 id., 386.

It was stated by the appellant that the form of the secretary's certificate was the same which always had been and still is used in the secretary's office. We can only say that, if such be the case, it is time that the secretary of state made himself acquainted with the terms of a statute about as old as his office.

We regret that we are obliged to affirm this judgment upon such a technical objection to the appellant's evidence. But the statute appears to us to be wisely framed, as a check upon the looseness of business in public offices; and we would not, if we could, dispense with strict compliance with its provisions.

*By the Court.* — The judgment of the court below is affirmed.

On a motion for rehearing, appellant's counsel asked the court to modify its judgment so as to direct a new trial, as the only means of preventing obvious and gross injustice, citing, in support of this practice, *Law v. Grant,* 37 Wis., 548; *McWilliams v. Bannister,* 40 id., 489; *Manning v. Grant,* 42 id., 555; Tay. Stats., ch. 139, § 7, p. 1632; *Griffin v. Marquardt,* 17 N. Y., 32; *Clayton v. Yarrington,* 33 Barb., 146; 2 Til. & Shearm. Pr., 560.

*Mr. Pinney, contra,* argued, among other things, that the discretionary power of this court in awarding new trials, under the statute, applies only where there has been a reversal for error, and all the cases cited on the other side from appellate courts were of that character; and that, even in the trial court, a new trial will not be granted for a mere mistake of law. 1 Gra. & Wat., 195; 2 id., 145, note; 5 Wend., 127; *Tait v. Foster,* 1 Pin., 514, 517; *Dexter v. Arnold,* 5 Mass., 302, 315; *Massie v. Graham,* 3 McLean, 41, 52; *Purcell v. Miner,* 4 Wall., 521; *Rubber Co. v. Goodyear,* 9 id., 805, 806; *McMicken v. Perin,* 22 How. (U. S.), 282; *Livingston v. Hubbs,* 3 Johns. Ch., 125; *Smith v. Lowry,* 1 id., 321, 322; *Wiser v. Blatchley,* id., 488; *Floyd v. Jane,* 6 id., 482, 483.

RYAN, C. J.   The learned counsel who make this motion, do not question the ground of our decision of the appeal, or the decision itself. They ask only that the judgment of affirmance be so modified as to direct a new trial in the court below.

We know of no case in this court, or indeed elsewhere, in which a judgment of affirmance has directed a new trial. Indeed affirmance of a judgment, *ex vi termini*, seems to preclude a new trial. For, in the ordinary course of practice, a trial after judgment is unknown.

When judgment in a suit in equity is reversed, it rests in the discretion of the court to direct final judgment for the successful party, or in proper cases to direct a new trial, or in doubtful cases to remit the question of a new trial to the discretion of the court below. *Du Pont v. Davis*, 35 Wis., 631; *Law v. Grant*, 37 id., 548; *Mc Williams v. Bannister*, 40 id., 489. And even this discretion in equity cases upon reversal, the court takes by statute. *Miner v. Medbury*, 7 Wis., 100; *Carney v. Emmons*, 9 id., 114; *Du Pont v. Davis*, *supra*. There is neither statute to authorize, nor practice to sanction, a discretion for a new trial upon affirmance. Such a discretion would virtually convert affirmance into reversal.

We affirmed the judgment in this case with reluctance. And with like reluctance we must leave the appellant to the consequences of the judgment. It is better that parties should sometimes suffer undue results of their litigation, than that courts should assume arbitrary discretion to relieve them, by doing violence to the law. *Misera servitus ubi jus vagum.*

*By the Court.* — The motion is denied.