## PIKE vs. VAUGHN and others.

*NEW TRIAL directed on reversal of judgment, in case tried by the court below without a jury.*

1. Although, where a common-law action is tried by the court or a referee, this court, on reversing the judgment, generally directs what judgment shall be given in the court below, this is not an inflexible rule.
2. On reversal of a former judgment for plaintiff in this cause, upon the ground that the judge's finding of facts did not show a cause of action, this court, being in doubt whether the finding included all the essential facts, directed the court below to grant a new trial if satisfied that justice would thereby be promoted. The application for a new trial was made to the *successor* of the judge by whom the cause was first tried, and was denied. The affidavits in support of the motion, if true, show a complete cause of action, but are contradicted by counter affidavits. *Held*, that the cause should not be determined upon the conflicting affidavits, and that it was error, under the circumstances, to refuse a new trial.

APPEAL from the Circuit Court for *Bayfield* County.

The plaintiff appealed from an order denying his motion for a new trial. The case is stated in the opinion.

For the appellant, there was a brief by *Knight & Tomkins,* and oral argument by *Mr. Knight* and *Wm. F. Vilas.*

For the respondents, there was a brief signed by *J. J. Miles,* and one signed by *J. J. Miles* as attorney, with *S. U. Pinney,* of counsel; and the cause was argued orally by *Mr. Miles* and *Mr. Pinney.*

COLE, J. When this case was here on a former appeal, taken by the defendants, it was considered and decided solely on the finding of facts made by the circuit judge, there being no bill of exceptions. 39 Wis., 499. The facts contained in the finding in regard to the parol contract for the sale and delivery of

the logs were deemed insufficient to take the case out of the statute of frauds. Consequently we were compelled to reverse the judgment rendered for the plaintiff. Had the cause been tried by a jury, a new trial would have followed almost as a matter of course, on the reversal of the judgment. But where a common-law action is tried by the court or a referee, as a general rule, this court, on reversing the judgment, directs what judgment shall be given in- the court below. But that rule is not inflexible, and has frequently been departed from in our practice. In this case, not knowing what the testimony which had been given on the trial in respect to the conditions of the contract was, we were unwilling to make a peremptory order as to the entry of judgment. We thought it was possible, indeed quite probable, that all the material facts in regard to the contract for the sale and delivery of the logs were not embraced in the finding of the circuit judge, and that perhaps a new trial would subserve the cause of justice. It appeared that the finding was drawn up by the circuit judge himself; he might through inadvertence have omitted to state facts therein which were clearly and satisfactorily established by the evidence, and which would have relieved the contract from the objections which we thought existed to it. The direction of this court therefore was, that the circuit court should grant a new trial if satisfied that the rights of the parties and the cause of justice would thereby be promoted; otherwise, to dismiss the complaint. It was expected that the application for a new trial would be made to Judge Clough, who originally tried the cause and made the finding. But; owing to a change of judges in the circuit, the application was made to Judge Barron, who denied it. The appeal is from that order.

The affidavits upon which the motion for a new trial was made, contain statements of facts which, if proven to the satisfaction of a jury, would show a perfect sale and delivery of the logs, and take the contract out of the statute. These statements, however, are flatly contradicted in affidavits used in resisting the motion. We cannot on this appeal attempt to settle the truth of these conflicting statements. As was said

by the chief justice in *Manning, Adm'x, v. Grant*, 42 Wis., 557, "We abstain, for obvious reasons, from all comment upon the weight to be attached to either the assertion or the denial. The interest involved is of too grave a character to be determined either way upon motion, on *ex parte* affidavits. It is only upon a trial of the cause that such a question can safely be determined." Had the application been made to Judge Clough, he could readily have determined what credit was due these conflicting statements in view of the evidence produced on the trial. But we do not know what that evidence was, except as we gather it from the affidavits. Under the circumstances, therefore, we have concluded to reverse the order and send the cause back for a new trial.

It is said that the granting of a new trial is a matter resting in the sound discretion of the court to which the application is made. This is ordinarily true; but this case, under the direction of this court, stands on peculiar grounds. It is certainly a stronger case for granting a new trial than *Manning v. Grant*. For it is an action at law, which, had it been tried by a jury instead of the court, would necessarily have resulted in a new trial.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for a new trial.

A motion by the respondents for a rehearing was denied.