## WILCOX vs. BATES and others.

*April 20 — May 31, 1883.*

(1) Res adjudicata.  *(2)  New trial on  single issue.  (3)  Parol evidence of  receipts from land.*

1. Where a judgment stating an account is reversed for an error affecting one item only, and all other grounds of error are overruled, all matters involved in the account other than that item are *res adjudicatæ.*

2. This court may, in an equity case, send the cause back to the court below for the trial of a single issue.

3. Parol evidence of actual receipts of rents and profits is admissible, although no regular books of account are produced.

APPEAL from the Circuit Court for *Dane* County.

The cause was before this court on former appeals, and is reported in 26 Wis., 466, and 45 Wis., 138. After the reversal of the judgment on the latter appeal, the venue was changed to Dane county, and an order of reference was made " to take and state an account between the parties according to the decisions of the supreme court." The referee, in stating the account, adopted the account as previously stated, except the items made up of the rents, issues, and profits of the real estate in question. For those items he substituted the amounts found by him to have been actually received from the land by the defendants *Allen C. Bates* and *George Harvey,* and found the amount due from said defendants as shown by the account so stated. He also found, as matter of fact, that neither of said defendants was guilty of any fraud or gross negligence in the management of the

land while in the possession thereof.    The plaintiff excepted
to the report of the referee upon the ground, among others,
that in adopting the items of the previous account he had
not stated an account in pursuance of the order of reference.
The exceptions were overruled, and the report in all respects
confirmed.    From the judgment entered accordingly the
plaintiff appealed.

*A. Hyatt Smith*, for the appellant.

*J. W. Bates* and *John Winans*, for the respondents.

COLE, C. J.    The learned counsel agree that whatever
questions of law or fact were involved in and necessarily de-
cided on the former appeals are *res adjudicatœ*, binding upon
the parties and on the court.    But they unfortunately dis-
agree as to what questions of law and of fact are covered by
those decisions.    On the first appeal (26 Wis., 466), the real
questions involved and considered were whether the defend-
ants held the title to the real estate in controversy merely as
security for loans or advances made to the plaintiff, and
whether that fact could be shown, by parol testimony, as
against a deed absolute on its face.    This court affirmed
both propositions of law and of fact.    The judgment of the
circuit court, dismissing the complaint, was reversed, and
the cause was remanded with directions for an accounting
between the parties, and that the plaintiff have judgment
for the relief demanded, conditioned upon the payment of
whatever should be found due the defendants.    This lan-
guage is general, and it is apparent from the opinion that
the court did not attempt to determine the specific items of
indebtedness which should enter into that account.

On the second appeal, it will be seen (45 Wis., 138), the
distinguished chief justice expresses a doubt whether the
opinion of Mr. Justice PAINE and this judgment were not too
broad, inadvertently governing details in the accounting be-
yond the intention of the court.    It is not clear that the judg-

ment, when fairly construed, is open to such a criticism, but the point is not material to be now considered. The learned chief justice justly remarks that the opinion and judgment on the former appeal must rule the second appeal as far as they apply. The circuit court on the second trial, in considering and confirming the report of the referee, made some modifications of the account as stated by the referee to whom the matter had been referred. The circuit court held that the defendants must account jointly for the whole period covered by their transactions with the plaintiff; that from the time they took possession of the premises they must account for the rents and profits at a specified rate, exceeding the rental charged by the referee, and that they could only have interest on the tax certificates at the rate of seven per cent. The chief justice, in a very able opinion, demonstrates the correctness of the view of the circuit court in holding the defendants to a joint account for all the rents and profits, and says that they must jointly reconvey the whole trust estate upon the payment of any balance due them jointly, without regard to the state of their several accounts with the several parts of the trust estate, or of the accounts as between themselves. The decision of the circuit court in that respect, and also as to the interest on the tax certificates, was expressly affirmed. The account as confirmed by the circuit court contained a great many items of debit and credit on both sides. Whatever items of indebtedness, whether on the part of the plaintiff or of the defendants, which were included and entered into that account, as allowed by the circuit court,— except in one particular,— were allowed and confirmed by this court on the appeal. The chief justice closes his opinion with this language: "We have reviewed all the grounds of error assigned, overruling all, except the principle on which the account of the rents, issues, and profits of the real estate was taken. On that ground only we reverse the judgment." Page 146.

Now, what issue or matter did this reversal remit for further trial and investigation? Did it attempt to set aside and open the whole account which had been taken? It seems to us not. It is plain, if words mean anything, that this court simply ordered a trial of the question or issue as to what amount of rents and profits the defendants should be charged with, and nothing more. The circuit court had charged them in the account at the rate of $3.50 per acre, per annum, from the time they took possession of the premises. This court held they were not chargeable beyond their actual receipts, and sent the case back to ascertain how much these amounted to. That was the full extent of its mandate. No additional light or testimony was desired on any other matter in the account; the court had discovered no error in the account in other respects; and the court below could not properly go into an investigation of any other matter under our order; for as to all other charges of debit and credit this court affirmed the stated account as correct. Those questions, then, were *res adjudicatæ*, and binding upon the parties. That it was within the power of this court, in an equity case, to send the cause back for the trial of a single issue, cannot be denied. It is a power which has been exercised without question. See, as bearing upon this point, *Law v. Grant*, 37 Wis., 548; *Manning v. Grant*, 42 Wis., 555; *Stevens v. Supervisors*, 43 Wis., 36; *Helms v. Chadbourne*, 45 Wis., 73. It follows from these views that the referee on the last trial committed no error in adopting, without further proof, the items of that account. It would be necessary to include them in his report in order to show the final balance due, but he could take no evidence in respect to them, since no question was reserved as to any item except as to the amount of actual receipts of rents and profits. The parties were concluded in the accounting as to all other matters. It is now claimed that there were debts in favor of the defendants embraced in

that account which ought not to have been included in it, especially the $300 Fitch note and mortgage, dated December 15, 1847, and the $500 Bates note given December 17, 1863. But these items of indebtedness, as well as those which are called in the report of the referee " undisputed claims," were certainly included in the account which was confirmed by this court. So it is idle now to discuss the question whether these were valid claims against the real estate or not. All consideration of that question is foreclosed.

The defendants were sworn before the referee to prove their actual receipts of rents and profits. They produced no regular books of account, and the counsel for the plaintiff objected that they were not entitled to make such proof until they had produced such books of account. The defendants testified as to their actual receipts and disbursements, as they would to any other fact. They should, doubtless, have kept proper accounts of rents and profits received, which would have been more satisfactory evidence. But this court gave no direction as to how the actual receipts should be proven; certainly it did not decide they could not be shown by parol testimony. The chief justice, in effect, says that there was no evidence in the case tending to show either such fraud or negligence as would charge the defendants with imaginary values, or more than actual receipts. It was surely competent for the defendants to testify upon the subject, and the fact that they did not produce regular books of account would affect, in a measure, the credibility of their statements. The referee specifically finds as to the actual receipts for each year, and we surely cannot say the findings are contrary to the weight of evidence.

The counsel for the plaintiff insists that gross negligence and fraud were shown, or must be inferred from the bad management of the real estate and the small amount of rents received. The evidence, however, will not justify us

Wilcox vs. Bates and others.

in adopting any such view of their conduct. The defendants may have been poor farmers, and may not have managed the property to the best advantage, but this fails to show gross negligence or fraud on their part.

We think there is no error in giving the plaintiff his costs in the action against the defendants: The other questions discussed we do not deem it necessary to specifically notice. We think there is no error in the record which should reverse the judgment of the circuit court.

*By the Court.*— Judgment affirmed.

LYON and CASSODAY, JJ., took no part.

# CASES DETERMINED

# August Term, 1883.