## McDonald vs. Pike.

*March 18 — April 8, 1884.*

SALE OF CHATTELS:    *Resale by vendor to third person: Recovery against original vendee: Estoppel.*

M., after selling logs to P., took a part of them and resold them to V., who paid him therefor. An action for a conversion, by P. against M. and V., was settled by V. conveying certain property to P. In a subsequent action by M. against P. for the purchase price of all the logs originally sold to the latter, *held* that the plaintiff could not recover for the logs so taken by him and resold to V. The settlement of the previous suit confirmed the title of V., and M., retaining the proceeds of the sale to V., could not disclaim that sale.

APPEAL from the Circuit Court for *Bayfield* County.

The case is thus stated by Mr. Justice CASSODAY:

" This case grows out of the case of *Pike v. Vaughn*, which was twice before this court. In that case it appeared that during 1873–74, *McDonald*, by two certain parol contracts, had agreed to sell and to deliver to *Pike*, at a place named, 1,000,000 feet of pine saw-logs, board measure, at $4.50 per thousand feet. As a matter of fact, *McDonald* only got in

logs to the amount of 721,347 feet, board measure, and *Pike* paid him thereon $3,153. A dispute arose between them, and *McDonald* took 160,000 feet of the logs so got in by him and sold them to Vaughn, who paid him therefor, so that *Pike* only in fact received, of the logs so got in, 561,347 feet, board measure, which, at $4.50 per thousand feet, only came to $2,526.06. To recover the value of the 160,000 feet so taken by *McDonald* and sold to Vaughn, *Pike* brought that action, but before trial it was settled by Vaughn conveying to *Pike* a village lot, the value of which does not appear. This action is brought by *McDonald* to recover $4.50 per thousand feet for the whole 1,000,000 feet so contracted for, less the amount so paid by *Pike*. The answer, by way of statements and counterclaims, alleges the facts stated, and other special damages. Under the charge of the court, the jury found in favor of the plaintiff, and assessed his damages for the balance due at $179.28."

From the judgment entered on the verdict the defendant appealed.

For the appellant there was a brief by *Knight & Hayes*, and oral argument by *Mr. Knight*.

For the respondent the cause was submitted on the brief of *J. J. Miles*.

CASSODAY, J. The decision in this court in *Pike v. Vaughn*, 39 Wis., 499, *S. C.*, 45 Wis., 660, need not be here repeated. In this case the court, in effect, charged the jury that, by accepting a conveyance of a lot from Vaughn in settlement of the other suit, *Pike* must be presumed to have got the benefit of the 160,000 feet of logs, board measure, which he never received, but which were taken by the plaintiff and sold to Vaughn, and that the amount of those logs should be taken into account in favor of the plaintiff in this action, as a part of the logs delivered by him to the defendant. The exception to this portion of the charge must be sus-

tained. That settlement undoubtedly confirmed Vaughn's title to the logs as against the defendant, *Pike*. *McDonald* can make no claim to them, for he has sold them to Vaughn and received his pay for them. Since *McDonald* still holds the consideration for the logs, which he received from Vaughn, he is estopped from disclaiming such sale and recovering in this action on the ground that he had previously sold and delivered the same logs to the defendant. A party is not thus allowed to occupy an inconsistent position for the purpose of maintaining two different sales and recovering a double consideration for the same articles. *Cooper v. Cleghorn*, 50 Wis., 113; *Rodermund v. Clark*, 46 N. Y., 354. The mere settlement of the suit by Vaughn is no indication that he abandoned or surrendered his claim to the logs, nor that he repurchased the same from *Pike*. Parties certainly have the right to compromise conflicting claims without any surrender on either side. In any view of the case, *McDonald* is in no position to obtain pay for the logs a second time merely because the former suit was settled as indicated.

As there must be a new trial it is unnecessary to say more.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.